UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JACOB BIENER
SARAH BIENER

        Plaintiffs,

    v.

JPMORGAN CHASE BANK, N.A.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
        Defendants.
------------------------------------x

COMPLAINT

Plaintiffs Demands A Trial by Jury

08 CIV. 6252
JUDGE KARAS

## INTRODUCTION

1. This is an action for damages and declaratory relief by an individual consumer for Defendant's joint and several and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (hereinafter FDCPA), negligence and infliction of emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendant has violated the provisions of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiffs Jacob & Sarah Biener are natural persons residing at 15 Daweider Blvd. #304, Monroe, NY 10950, and are consumers pursuant to the FDCPA.

4. Defendant JPMorgan Chase Bank, N.A., is an investment bank with its corporate headquarters located at 270 Park Avenue, New York, NY 10017.

5. Rosicki, Rosicki & Associates, P.C. is a law firm doing business at 51 E. Bethpage Road, Plainview, New York, 11803, and is a debt collector pursuant to the FDCPA.

## FACTUAL ALLEGATIONS

6. Plaintiffs Jacob & Sarah Biener filed a Chapter 13 bankruptcy case on July 28, 2006.

7. On November 9, 2006, Plaintiffs filed a Notice of Motion for Authorization of Sale to sell a certain parcel of the property of the estate, to wit: 3 KORITZ COURT, UNIT 301, MONROE, NY 10950 (hereinafter "the premises"). Plaintiffs planned to use the proceeds of the sale to pay off various creditors, including Defendant JPMorgan Chase Bank.

8. On January 4, 2007, the Plaintiffs were given authorization by the Bankruptcy Court to sell the premises, and they sold it immediately.

9. The premises was sold to Esther Krausz for around $415,000, in or around January of 2007.

10. On January 9, 2007, Plaintiff sent two (2) checks to Defendant JP Morgan Chase Bank, N.A., in the amounts of $64,742.69 and $35,257.31, for a total of $100,000.00, in full satisfaction of the mortgage, which was $99,795.40.

11. On January 22, 2007, Defendant JP Morgan Chase Bank, N.A. executed a Satisfaction of Mortgage, which was recorded by the Orange County Clerk on March 6, 2007.

12. On May 31, 2007 Plaintiffs' bankruptcy was discharged and the case was closed.

13. Thereafter Plaintiffs moved off of the premises and took up residence 15 Daweider Blvd. #304, Monroe, NY 10956, where they currently reside.

14. On February 19, 2008, notwithstanding the payoff of the mortgage debt and the satisfaction of mortgage which was executed by Defendant JPMorgan Chase Bank, N.A., Defendant Rosicki, Rosicki & Associates, on behalf of Defendant J.P. Morgan Chase Bank, N.A., foreclosed on the already sold premises in an attempt to collect a nonexistent debt, which had already been repaid.

15. Defendant filed a foreclosure Complaint in the Supreme Court in the State of New York for Orange County, and on February 19, 2008, an Order granting Summary Judgment and appointing a referee was granted to Defendants.

16. JPMorgan Chase, through its attorney, Rosicki, Rosicki & Associates, continued to attempt to collect a non-existent debt when they had no legal right to do so. The debt had been paid off.

FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. The allegations of paragraphs 1-16 in this pleading are incorporated as if fully rewritten herein.

18. Defendant Rosicki, Rosicki & Associates violated 15 U.S.C. 1692e(2) by misrepresenting the amount and legal status of the debt, stating that Plaintiff owed money with total disregard to the fact that the debt had already been paid.

19. Defendant Rosicki, Rosicki & Associates violated 15 U.S.C. 1692e(5) by threatening to foreclose the premises when they knew or should have known that the debt had already been paid in full with part of the proceeds of the sale of the premises.

20. Defendant Rosicki, Rosicki & Associates violated 15 U.S.C. 1692f(1) by attempting to collect an amount not authorized or permitted by law.

21. As a direct and proximate result of thereof, Plaintiff has been injured and may continue to suffer such injury in the future.

22. As a direct and proximate result of the above violations of the FDCPA, Defendant Rosicki, Rosicki & Associates is liable to the Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND CLAIM: NEGLIGENCE

23. Plaintiff hereby incorporates the allegations set forth in paragraphs 1-22 as if fully rewritten herein.

24. Defendant JP Morgan Chase Bank, N.A. intentionally, willfully and maliciously and/or negligently failed to record the debt as paid.

25. Defendant Rosicki, Rosicki & Associates intentionally, willfully and maliciously and/or negligently failed to review the file and the Satisfaction of Mortgage before attempting to obtain a foreclosure Judgment.

26. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered damages, past, present and future, including but not limited to mental anguish, anxiety, distress, humiliation, embarrassment and aggravation, together with costs and attorney fees incurred in obtaining relief from Defendants' wrongful acts and omissions.

## THIRD CLAIM: INFLICTION OF EMOTIONAL DISTRESS

27. The allegations of paragraphs 1-26 in this pleading are incorporated as if fully rewritten herein.

28. Defendants misrepresented to the Orange County Court that the Plaintiffs owe a mortgage debt to Defendant JP Morgan Chase Bank, N.A., by filing a foreclosure Complaint despite the fact that the debt was fully paid off and Defendant JP Morgan Chase Bank, N.A. issued a Satisfaction of Mortgage to Plaintiffs.

29. Defendants' action were reckless and negligent and as a direct and proximate result thereof, Plaintiffs have suffered emotional injured and emotional distress and may continue to suffer such injury in the future.

### PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY

Plaintiffs hereby demands a trial by jury on all issues and all claims.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violations thereof;

B. Actual damages as proven at trial, on each and every claim;

C. Statutory damages, where applicable;

D. Punitive damages, where applicable;

E. Costs and reasonable attorney fees; and

F. For such other and further relief as may be just and proper.

DATED: July 9, 2008
Spring Valley, NY

/s/ _____
Law Office of Shmuel Klein, PC
268 Route 59 West
Spring Valley, NY 10977
(845) 425 2510
Attorney for Plaintiffs